UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    07 CR 719 |
| v. | ) | |
| | ) | |
| YASIN YASIN | ) | Magistrate Judge Arlander Keys |
| | ) | |

## GOVERNMENT'S AGREED MOTION FOR TO DISMISS COMPLAINT WITHOUT PREJUDICE

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 48, to dismiss the complaint in this matter without prejudice for the following reasons:

1.  The defendant was charged by way of complaint on or about November 2, 2007 with conspiring to knowingly receive, possess, conceal, store, barter, sell, and dispose of goods, wares, or merchandise of the value of $5000 or more, which have crossed state lines after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken in violation of Title 18 of the United States Code, Sections 371 and 2315. As outlined in the complaint, the defendant was charged with being involved in the trafficking of stolen and fraudulently obtained cell phones. The defendant agreed to cooperate in an ongoing government investigation involving these stolen and fraudulently obtained phones.

2.  Due to the defendant's agreement to cooperate, the government filed an agreed motion for an extension for an extension of time in which to return an indictment to allow the defendant to cooperate in a covert capacity. This motion was granted on November 30, 2007, extending the time to return an indictment from December 1, 2007 to March 1, 2008.

3.      Since the motion to extend time to return an indictment was granted, the defendant has cooperated completely with the government's ongoing investigation.

4.      Although this investigation continues, the government inadvertently failed to return an indictment or seek a second extension of time in which to indict the defendant. Accordingly, the government now seeks to dismiss the complaint in this matter without prejudice.

5.      On February 29, 2008, counsel for the government, Michael J. Ferrara, spoke to counsel for the defendant, Michael J. Monico, who agreed to this motion.

6.      The factors upon which a court determines whether dismissal should be without preusdice are set out in the text of the Title 18, United States Code, Section 3162(a)(1). <u>United States v. Killingsworth</u>, 507 F.3d 1087 (7th Cir. 2007). Section 3162(a)(1), provides: "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

6.      First, the offense in this case is serious, involving a scheme to obtain and distribute stolen and fraudulently obtained cell phones throughout the United States. The overall financial losses to the victims of this scheme are in excess of several hundred thousand dollars.

7.      Second, as noted above, the government did not return an indictment in the time frame allowed by the extension. This failure was inadvertent and not a product of bad faith. However, as it will not be possible to bring forth an indictment before this time it set to expire on March 1, 2008, the government now seeks to dismiss this complaint without prejudice.

8.     Third, a dismissal without prejudice of the complaint in this matter is proper in consideration of the impact of a reprosecution on the Speedy Trial Act as well as the administration of justice in this case.  In consideration of the Speedy Trial Act, it is clear the defendant is not prejudiced by such a dismissal without prejudice as there are a host of other charges which could be levied against him stemming from his conduct in this same stolen cell phone scheme.  However, the defendant is also not prejudiced as he has been free on an unsecured bond in the amount of $5000 since the time of his detention hearing on November 6, 2007.  The defendant has greatly assisted his own cause by actively cooperating with the government's investigation and satisfying all conditions of his release. In addition, as soon as the government became aware of its inadvertent failure to bring about an indictment before the time expired, the government contacted counsel for the defendant who agreed to this motion.  The administration of justice is well served by a dismissal of the complaint in this matter without prejudice as it will allow the defendant to continue in his assistance with the government's investigation, as well promote a just disposition to the charges arising from the defendant's conduct in his participation in this stolen cell phone scheme.  Furthermore, a dismissal without prejudice serves the interest of justice in not wasting court time and resources.

WHEREFORE, the United States respectfully requests the complaint in this matter be dismissed without prejudice.

                Respectfully submitted,

                PATRICK J. FITZGERALD
                United States Attorney

By:    s/ Michael J. Ferrrara
        MICHAEL J. FERRARA
        Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 886-7649

Dated: March 1, 2008